# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:14cr270-2** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **DESMOND MERCER,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Desmond Mercer's ("Defendant Mercer") *pro se* motion for reduction of sentence, brought pursuant to 18 U.S.C. § 3582(c) and the retroactive application of Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").  (Doc. 403).  For the reasons stated herein, Defendant Mercer's motion will be **DENIED**.

## Background and Procedural History

On December 1, 2015, Defendant Mercer pleaded guilty to a charge of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 ("Count 1").  (Doc. 238, Guilty Plea).  Pursuant to the terms of a Rule 11 plea agreement between Defendant Mercer and the Government (the "Plea Agreement"), the undersigned United States District Court Judge sentenced Defendant Mercer to the parties' recommended 168-month term of imprisonment on March 2, 2016.  (Doc. 302).  Defendant Mercer then appealed

the calculation of his 168-month prison sentence on March 11, 2016.  (Doc. 305).

On November 4, 2016, the United States Court of Appeals for the Third Circuit

affirmed Defendant Mercer's sentence.  (Doc. 398).

After his appeal was denied, Defendant Mercer filed the instant *pro se*

motion to reduce his sentence on March 24, 2017.  (Doc. 403).  Defendant

Mercer based his motion on the retroactive application of Amendment 782 to the

U.S.S.G., which reduced the base offense levels associated with certain drug

quantities under U.S.S.G. § 2D1.1.  (Id.)  The court issued Standing Order 14-6

the same day, which prospectively appointed the Federal Public Defender's

Office ("F.P.D.O.") to represent Defendant Mercer.  (Doc. 404).  However, on

April 21, 2017, the F.P.D.O. filed a motion to withdraw as counsel on the grounds

that: (1) Defendant Mercer's March 2, 2016 sentence was calculated in

accordance with the 2015 Sentencing Guidelines Manual, which already

incorporated Amendment 782; and (2) Defendant Mercer's sentence was

nonetheless based on the "career-offender" guideline range under U.S.S.G. §

4B1.1.  (Doc. 413).  The court subsequently granted the F.P.D.O.'s motion to

withdraw on April 25, 2017.  (Doc. 417).

As the time for briefing has passed, this motion is ripe for disposition.

**Jurisdiction**

Because the defendant seeks a reduction of his federal sentence under 18 U.S.C. § 3582(c)(2), the court has jurisdiction pursuant to 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

**Standard of review**

"Generally, a district court cannot 'modify a term of imprisonment once it has been imposed' unless a defendant is eligible for a reduction of sentence pursuant to [18 U.S.C.] § 3582(c)." United States v. Coleman, 664 F. App'x 139, 141 (3d Cir. 2016). Under § 3582(c)(2), a district court may reduce a defendant's sentence if: (1) "the term of imprisonment [was] based on a sentence range that has subsequently been lowered by the Sentencing Commission"; and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," including U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 826 (2010). As relevant here, Amendment 782 is subject to the limitations of U.S.S.G. § 1B1.10.[1] United

---

[1] Policy statement § 1B1.10 pertains to the implementation of retroactive amendments to the U.S.S.G. See United States v. Mack, --- F. Supp. 3d ---, No. CR 00-323-01 (KSH), 2019 WL 3297499, at *2 (D.N.J. July 23, 2019) ("Direction on applying the amendments retroactively was set forth in a policy statement in the guidelines, § 1B1.10, requiring that the mechanics of changing sentences already reduced to judgment be consistent with the provisions of 18 U.S.C. § 3582(c)(2).").

States v. Forbes, 664 F. App'x 184, 186 (3d Cir. 2016) (citing U.S.S.G. Supp. App. C, Amend. 788; U.S.S.G. § 1B1.10(d)). Nonetheless, a sentence reduction "is not consistent with [U.S.S.G. § 1B1.10], and therefore is not authorized under 18 U.S.C. § 3582(c)(2)," if Amendment 782 is: (1) not applicable to the defendant; or (2) does not have the effect of lowering the defendant's applicable guideline range. See U.S.S.G. §§ 1B1.10(a)(2)(A)-(B) and 1B1.10(d).

**Discussion**

In his motion, Defendant Mercer seeks to reduce his sentence pursuant to § 3582(c) and the retroactive application of Amendment 782. (Doc. 403). However, Amendment 782 became effective on November 1, 2014 and preceded Defendant Mercer's sentencing by nearly a year and a half. Further, Defendant Mercer's March 2016 sentence was calculated using the 2015 Sentencing Guidelines Manual, which incorporated Amendment 782's revisions. (Doc. 296, Presentence Investigation Report at 7; Doc. 413, at 2). Accordingly, Defendant Mercer has not demonstrated that his "term of imprisonment [was] based on a sentence range that has *subsequently* been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2) (emphasis added).

Moreover, based on his designation as a career offender, Defendant Mercer's sentence was calculated under U.S.S.G. § 4B1.1. (Doc. 413). Amendment 782 revised the offense levels in U.S.S.G. § 2D1.1, and "did not

4

alter the Guidelines range for career offenders." See United States v. Davis, 696 F. App'x 56, 58 (3d Cir. 2017) (citing United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016)); see also United States v. Rush, 645 F. App'x 166, 168–69 (3d Cir. 2016) ("Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders, would not lower [defendant]'s applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce his sentence."); United States v. Mabry, 481 F. App'x 797, 798 (3d Cir. 2012) ("As a career offender, [defendant]'s applicable Guideline range remains unchanged."). Here, as Amendment 782 did not impact the guideline range applied to Defendant Mercer, a sentence modification is not authorized. See U.S.S.G. §§ 1B1.10(a)(2). Accordingly, the court will **DENY** Defendant Mercer's motion because he is ineligible for a reduction of his sentence under § 3582(c) based on Amendment 782.

**Conclusion**

Given our reasoning above, Defendant Mercer's motion for reduction of sentence under 18 U.S.C. § 3582(c) will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: October 7, 2019**          **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**