**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:14cr270-2** |
| | : | **3:18cv141** |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **DESMOND MERCER,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Desmond Mercer's *pro se* motion to vacate and correct his sentence under 28 U.S.C. § 2255. (Doc. 463). The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background and Procedural History**

On October 21, 2014, a grand jury indicted Defendant Mercer, along with several other defendants, on conspiracy to distribute heroin and related charges. (Doc. 36, Indictment). Pursuant to the terms of a Rule 11 plea agreement, Defendant Mercer pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (Doc. 228, Plea Agreement at 1-2). The parties agreed to recommend that Defendant Mercer be sentenced to a 168-month term of imprisonment. (Id. at 9).

The United States Probation Office then filed a presentence report ("PSR") regarding Defendant Mercer.  (Doc. 296, PSR).  Based on at least two prior convictions, the PSR designated Defendant Mercer as a "career offender" pursuant to § 4B1.1 of the United States Sentencing Guidelines Manual (the "Guidelines" or "U.S.S.G.").  (Id. at 8).  The PSR additionally found that Defendant Mercer had a criminal history score of fifteen (15), which assigned him a criminal history category of VI.  (Id. at 13).  Given these findings, the PSR determined that Defendant Mercer's applicable Guidelines range was 151 to 188 months of imprisonment.  (Id. at 18).

On March 2, 2016, the court sentenced Defendant Mercer to the parties' recommended 168 month-term of imprisonment.  (Doc. 302, Judgment).  Defendant Mercer subsequently appealed his sentence to the United States Court of Appeals for the Third Circuit on March 16, 2016.  (Doc. 307, Notice of Appeal).  The Third Circuit affirmed his sentence on February 1, 2017.  (Docs. 391 & 398, Judgment and Mandate of the U.S. Ct. of Appeals).  Defendant Mercer then filed a *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c), (Doc. 403), which the court denied by way of memorandum and order on October 7, 2019.  (Docs. 505 & 506).

On January 19, 2018, while his § 3582(c) motion remained pending, Defendant Mercer filed the instant *pro se* motion to vacate, set aside or correct

2

sentence under 28 U.S.C. § 2255. (Doc. 463). In his supporting memorandum of law, Defendant Mercer alleges that his attorney, Jason Asbell ("Attorney Asbell"), provided ineffective assistance of counsel in the following two respects: (1) by failing to challenge the calculation of his criminal history score, which erroneously accounted for a previously dismissed offense carrying three (3) criminal history points; and (2) by failing to object to his classification as a career offender, given that one of his prior convictions under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) did not constitute a "predicate offense" under the Guideline's career offender provision.[1] (Doc. 486, Def.'s Mem. in Supp. at 3-11). The Government filed a brief in opposition on May 17, 2018 and argued that the career offender section of the Guidelines applied to Defendant Mercer for sentencing enhancement purposes. (Doc. 487). Defendant Mercer then filed a reply brief on June 22, 2018. (Doc. 492).

Upon review of Defendant Mercer's reply brief, the court temporarily stayed this case pending the outcome of United States v. Glass, 701 F. App'x 108 (3d Cir. 2017). (Doc. 493). In Glass, the Third Circuit addressed the issue of whether a controlled substance offense under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) also qualified as a predicate offense pursuant to U.S.S.G. § 4B1.1. On March 27, 2019, the court lifted the stay and directed the parties to file

---

[1] U.S.S.G. § 4B1.1.

supplemental memoranda regarding the Third Circuit's decision in <u>United States</u> <u>v. Glass</u>, 904 F.3d 319 (3d Cir. 2018) <u>cert. denied</u>, no. 18-1748, 2019 WL 113432 (U.S. Jan. 7, 2019).  (Doc. 495).  The government filed a supplemental brief on March 20, 2019, asserting that the <u>Glass</u> decision foreclosed Defendant Mercer's arguments in support of § 2255 relief.  (Doc. 496).  After receiving two extensions of time, (Docs. 500 & 502), Defendant Mercer filed a supplemental brief on October 18, 2019, (Doc. 507), bringing the case to its present posture.

**Jurisdiction**

As Defendant Mercer brings his motion under 28 U.S.C. § 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Standard of review**

Generally, a federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that

right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing.  United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice."  United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)).  If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate.  See 28 U.S.C. § 2255(b).

**Standard of review for ineffective assistance of counsel claims**

As noted above, the instant petition raises issues of ineffectiveness of counsel.  The Sixth Amendment to the United States Constitution guarantees

criminal defendants the right to counsel.  U.S. CONST. AMEND. VI.  In <u>Strickland v.</u>

<u>Washington</u>, the United States Supreme Court determined that "'the right to

counsel is the right to the effective assistance of counsel.'"  466 U.S. 668, 686

(1984) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)).

Counsel is ineffective when "counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having

produced a just result."  <u>Strickland</u>, 466 U.S. at 686.  As such, to succeed on an

ineffectiveness claim under <u>Strickland</u>, a defendant must convince the court of

two factors: 1) deficient performance by counsel; and 2) prejudice from that

deficient performance.  <u>Id.</u> at 687.

Satisfying the first factor requires a "showing that counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment."  <u>Id.</u>  In assessing an attorney's

performance, courts apply a highly deferential level of scrutiny.  <u>See</u> <u>Marshall v.</u>

<u>Cathel</u>, 428 F.3d 452, 462 (3d Cir. 2005) (quoting <u>Strickland</u>, 466 U.S. at 689).

This deference is afforded because "counsel is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise

of reasonable professional judgment."  <u>Strickland</u>, 466 U.S. at 690.

To satisfy the second factor, "the defendant must show that the deficient

performance prejudiced the defense" by demonstrating that "counsel's errors

6

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.  Put another way, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 422 U.S. at 694). "In the sentencing context, prejudice exists where the deficient performance affected a defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310–11 (3d Cir. 2007) (citing Glover v. United States, 531 U.S. 198, 203-04 (2001)); see e.g. United States v. Otero, 502 F.3d 331, 337 (3d Cir. 2007) (finding that "[t]he prejudice prong is satisfied 'when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing . . . which would not have occurred but for counsel's error").  However, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings . . . not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693).

Further, counsel cannot be held to be ineffective for failing to pursue a meritless issue. Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000).  In nearly all cases, relief under § 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of

the Strickland test.  See Strickland, 466 U.S. at 686.  "Where the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed."  United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991) (citing Government of Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir.1984)); see also Campbell, 515 F.3d at 183 ("'[T]o merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the Strickland test, deficient counsel and prejudice to the defense.'" (quoting Wells v. Petsock, 941 F.2d 253, 559-60 (3d Cir. 1991))).

**Discussion**

In his § 2255 motion, Defendant Mercer raises two ineffective assistance of counsel claims.  First, Defendant Mercer alleges that Attorney Asbell was ineffective for failing to challenge the PSR's assignment of three (3) criminal history points for a previously dismissed case ("Ground I").  (Doc. 486, Def.'s Mem. in Supp. at 4-5).  Defendant Mercer asserts that his resulting criminal history score led to an increased criminal history category of VI, as well as a less favorable custody level within the Bureau of Prisons ("BOP").  (Id.)  Defendant Mercer also challenges Attorney Asbell's failure to contest his classification as a career offender under U.S.S.G. § 4B1.1, which caused an enhanced sentence

under the Guidelines. ("Ground II").  (Id. at 6-10).  We will address each ground in turn.[2]

## I. Failure to Challenge Career Offender Designation[3]

As mentioned *supra*, the PSR classified Defendant Mercer as a career offender pursuant to U.S.S.G. § 4B1.1.  (PSR at 8).  Under this provision of the Guidelines, a defendant is properly classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

---

[2] In deciding the instant motion, the court takes judicial notice of the information gleaned from the publicly available state court dockets in Defendant Mercer's underlying criminal proceedings in both New Jersey and Pennsylvania.  See e.g. Case No. 08002701 (Morris Cnty. Super. Ct., Indictment No. 09-02-00230-A); Case No. 09002132 (Morris Cnty. Super. Ct., Indictment No. 10-01-00002-A); Commonwealth v. Mercer, Docket No. CP-40-CR-0002384-2010 (Luzerne Cnty. Ct. Com. Pl.); Commonwealth v. Mercer, Docket No. MJ-45106-CR-0000169-2014 (M.D.J.); Commonwealth v. Mercer, Docket No. CP-35-CR-0001326-2014 (Lackawanna Cnty. Ct. Com. Pl.).  The court may properly take judicial notice of these state court docket reports as a matter of adjudicative fact.  See FED. R. EVID. 201(b)-(c); see also United States v. Frederick, No. CR 6-83, 2016 WL 5852016, at *3 n.3 (W.D. Pa. Oct. 6, 2016) (taking judicial notice of state court docket reports to determine whether defendant was properly subject to the career offender enhancement under U.S.S.G. § 4B1.1 (citing Dixon v. Williams, 2015 U.S. Dist. LEXIS 131278 (M.D. Pa. Aug. 3, 2015))).  Further, by way of reference, the court has attached copies of certain judicially noticed docket sheets to the instant memorandum.  (Attach. No. 1-4); see Paez v. Sec'y, Fla. Dep't of Corr., 931 F.3d 1304, 1308 (11th Cir. 2019) ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

[3] Although Defendant Mercer presents his claims in a different order, the Court will address Ground II first, as its resolution impacts the disposition of Ground I.

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1

Of relevance here, the Guidelines define "a controlled substance offense" as (1) "an offense . . . punishable by imprisonment for a term exceeding one year" that (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Id.; U.S.S.G. § 4B1.2(b). "A state conviction cannot qualify as a 'controlled substance offense' if its elements are broader than those listed in § 4B1.2(b)." United States v. Glass, 904 F.3d 319, 321 (3d Cir. 2018) (citing Mathis v. United States, 136 S.Ct. 2243, 2251 (2016)).

A review of the PSR reveals that Defendant Mercer's career offender designation was based on the following prior convictions:

(1) A March 3, 2010 conviction in Morris County, New Jersey for possession of a controlled dangerous substance with intent to distribute, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5a(3) (the "Morris County PWID Conviction")[4]; and

(2) An August 27, 2010 conviction in Luzerne County, Pennsylvania for possession with intent to deliver heroin, in violation

_____

[4] Mercer, Case No. 09002132 (Morris Cnty. Super. Ct., Indictment No. 10-01-00002-A). (PSR at 12, ¶ 42).

of 35 PA. CONS. STAT. ANN. § 780-113(a)(30) (the "Pennsylvania PWID Conviction").[5]
(PSR at 8-12, ¶¶ 27, 42, 43).

Defendant Mercer argues that the Pennsylvania PWID Conviction does not constitute a predicate conviction under U.S.S.G. § 4B1.1(a), as the elements of 35 PA. CONS. STAT. ANN. § 780-113(a)(30) are broader than those articulated in the Guideline's definition of a "controlled substance offense."[6] (Doc. 486, Def.s' Mem. in Supp. at 9). Defendant Mercer thus claims that Attorney Asbell was ineffective for failing to raise this issue and object to his career offender designation. (Id.) The government responds that this claim lacks merit, as the Pennsylvania PWID Conviction clearly qualifies as a "controlled substance offense" under the Guidelines. (Doc. 487, Gov't's Br. in Opp'n at 5-6). The government further contends that the case law upon which Defendant Mercer relies—United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), cert. denied, 138 S.Ct. 1453 (2018)[7] and United States v. Glass, 904 F.3d 319 (3d Cir. 2018), cert.

---

[5] Commonwealth v. Mercer, Docket No. CP-40-CR-0002384-2010 (Luzerne Cnty. Ct. Com. Pl.). (PSR at 12, ¶ 43).

[6] Defendant Mercer does not challenge whether the Morris County PWID Conviction qualifies as a predicate offense under U.S.S.G. §§ 4B1.1(a) and 4B1.2(b). Therefore, the court will limit its inquiry to the Pennsylvania PWID Conviction at issue.

[7] Defendant Mercer cites to the Hinkle decision in support of his argument that 35 PA. CONS. STAT. ANN. § 780-113(a)(30) "does not qualify as a 'controlled substance offense' under the guidelines because it criminalized conduct that is

denied, 139 S. Ct. 840 (2019)—does not support his averments.  (Id.; Doc. 496, Gov't's Suppl. Br. at 2-4).

Defendant Mercer's argument is unavailing based on the controlling decision in Glass, which was published after the parties filed their initial briefs. 904 F.3d 319.  Like Defendant Mercer, the defendant in Glass argued that his prior conviction under 35 PA. CONS. STAT. ANN. § 789-113(a)(30) was "broader than the Guidelines' definition of a 'controlled substance offense' to the extent it criminalizes a mere offer to sell drugs.'"  904 F.3d at 322.  The United States Court of Appeals for the Third Circuit rejected this argument and held that "because § 780-113(a)(30) does not sweep more broadly than § 4B1.2, it is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under § 4B1.1."  Id. at 324; accord United States v. Lamar, 776 F. App'x 766, 768 (3d Cir. 2019); United States v. Rutherford, 757 F.

---

not included within the guideline definition of a controlled substance offense." (Doc. 486, Def.'s Mem. in Supp. at 9); see Hinkle, 832 F.3d at 574 (holding that the defendant's conviction under a Texas statute, which criminalized delivery of a controlled substance, included a "greater swath of conduct than the elements of [U.S.S.G. § 4B1.1]," and thus could "[n]ot serve as a predicate [controlled substance] offense under the Career Offender Guideline provision. . .").  As noted by the government, the Hinkle decision is neither binding on this court nor based on the Pennsylvania statute at issue.  (Doc. 487, Gov't's Br. in Opp'n at 5-6).  Further, the United States Court of Appeals for the Third Circuit determined that the definition of "deliver" under 35 PA. CONS. STAT. ANN. § 789-113(a)(30) is distinguishable from the Texas statute in Hinkle.  See Glass, 904 F.3d at 323. Therefore, Defendant Mercer's reliance on Hinkle is unpersuasive.

App'x 83, 85 (3d Cir. 2018). Therefore, contrary to Defendant Mercer's position, the Pennsylvania PWID Conviction constitutes a controlled substance offense under the Guidelines. See Glass, 904 F.3d at 324; U.S.S.G. §§ 4B1.1 and 4B1.2.

Defendant Mercer cannot fault Attorney Asbell for failing to challenge his career criminal designation, which was properly based on the Morris County PWID Conviction and the Pennsylvania PWID Conviction, or otherwise demonstrate that such a failure prejudiced him. See Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000); see also Alexander v. United States, No. 1:14-CR-240-1, 2019 WL 4273863, at *5 (M.D. Pa. Sept. 10, 2019) (finding that the petitioner's prior conviction under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) was a controlled substance offense under U.S.S.G. § 4B1.2, and that "[a]ny argument by petitioner's counsel otherwise would have been meritless"). As such, Ground II of the instant § 2255 motion will be denied.

## II. Failure to Challenge Criminal History Computation

Defendant Mercer also raises an ineffective assistance of counsel claim regarding Attorney Asbell's failure to challenge his criminal history computation in the PSR. (Doc. 486, Def.'s Mem. in Supp. at 3-6). Specifically, Defendant Mercer argues that the PSR erroneously included three (3) criminal history points based on a prior conviction in Morris County, New Jersey for possession of a

controlled substance and resisting arrest (the "Morris County Case"). (Id. at 4; PSR at 11, ¶ 39). According to Mercer, its inclusion raised his criminal history score from twelve (12) points to fifteen (15) points, and resulted in a criminal history category of VI instead of V. (Doc. 486, Def.'s Mem. in Supp. at 4). Defendant Mercer additionally alleges that the erroneous criminal history score adversely impacted his BOP custody classification, as it caused him to be housed in a more restrictive Penitentiary instead of a lower-security Federal Correctional Institution. (Id. at 4-5; Doc. 507, Def.'s Suppl. Br. at 4).

In support of his argument, Defendant Mercer points to a printout from the New Jersey criminal docketing system.[8] (Doc. 486-1, Def.'s Ex. A at 2). This docket printout, which pertains to the Morris County Case, indicates that Count One (1) of the criminal indictment was dismissed on April 17, 2009. (Id.) Under the section listed "action reason," the excerpt states "dismiss plea barg." (Id.) Accordingly, Defendant Mercer avers that Attorney Asbell rendered ineffective assistance by failing to challenge the three (3) criminal history points that were assessed "for a case that had clearly been dismissed as part of a Plea Agreement." (Doc. 486, Def.'s Mem. in Supp. at 4).

---

[8] PROMIS/Gavel Public Access, https://portal.njcourts.gov/webe4ExternalPGPA/ (last visited Oct. 31, 2019).

The court is not persuaded by Defendant Mercer's argument.  A review of the publicly available Morris County Case docket reveals that Indictment No. 09-02-00230-A (the "Indictment") charged Defendant Mercer with the following criminal counts: (1) manufacturing, distributing or dispensing a controlled dangerous substance ("CDS") in violation of N.J.S.A. 2C:35-5B(2) ("Count 1"); possession of a CDS in violation of N.J.S.A. 2C:35-10A(1) ("Count 2"); resisting arrest in violation of N.J.S.A. 2C:29-2A(3) ("Count 3"); and hindering apprehension in violation of N.J.S.A. 2C:29-3B(1) ("Count 4").  <u>See</u> Case No. 08002701 (Morris Cnty. Super. Ct., Indictment No. 09-02-00230-A), *Charge/Disposition Detail* (Attach. No. 1).  While the docket confirms that Count 1 was dismissed on April 17, 2009, it also reflects that Defendant Mercer pled guilty to Count 2 of the Indictment on February 18, 2009.  (<u>Id.</u>)  Therefore, the dismissal that Defendant Mercer cites to in his § 2255 motion only extends to Count 1 of the Indictment, and not the Morris County Case in its entirety.

Further, Defendant Mercer's contention that the PSR erroneously calculated three (3) points for the Morris County Case is without merit.  Under the Guidelines, a defendant receives three (3) criminal history points "for each prior sentence of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1(a).  Here, Defendant Mercer received a suspended sentence on April 17, 2009 in connection with his conviction for Count 2 of the Indictment.  (PSR at 11,

¶ 30); Case No. 08002701 (Morris Cnty. Super. Ct., Indictment No. 09-02-00230-A), *Aggregate Sentence Detail* (Attach. No. 2).  After his probation was revoked for new criminal conduct, however, Defendant Mercer was re-sentenced to a three (3) year term of imprisonment on March 5, 2010.  (Id.)  As such, given that the sentence at issue exceeded one year and one month, the PSR accurately added three (3) points to Defendant Mercer's criminal history score for the Morris County Case.  See U.S.S.G. § 4A1.1(a).

Moreover, according to the Guidelines, a criminal history score of thirteen (13) or more establishes a criminal history category of VI.  U.S.S.G. ch. 5, pt. A. Nonetheless, a "career criminal" designation under § 4B1.1 establishes a criminal history category of VI "in every case."  U.S.S.G. § 4.B1.1(b).  As discussed *supra*, the PSR properly classified Defendant Mercer as a career criminal.  Thus, even if the PSR erroneously assessed fifteen (15) criminal history points instead of twelve (12), the inclusion of the Morris County Case had no impact on Defendant Mercer's ultimate criminal history category of VI or advisory sentencing range.  See Williams v. United States, 503 U.S. 193, 203 (1992) (holding that sentencing decisions need not be remanded if "the error did not affect the district court's selection of the sentence imposed" (citation omitted)); see also United States v. Isaac, 655 F.3d 148, 158 (3d Cir. 2011) (finding that the improper assignment of a criminal history point amounted to harmless error, as

"even with the one-point reduction [the defendant] would remain in criminal history category IV and the same Guideline range would have applied").

For these reasons, the court does not find that Attorney Asbell was ineffective for failing to challenge the inclusion of the Morris County Case[9] in Defendant Mercer's criminal history score. <u>Werts v. Vaughan</u>, 228 F.3d 178, 203 (3d Cir. 2000) (holding that counsel cannot be found to be ineffective for declining to raise a meritless issue). Accordingly, Ground I of Defendant Mercer's § 2255 motion will be denied.

---

[9] Defendant Mercer's supplemental brief also argues, for the first time, that the PSR improperly assessed points for a driving under the influence charge. (Doc. 507, Def.'s Suppl. Br. at 2-4). When liberally construed, Defendant Mercer appears to challenge the PSR's assignment of two (2) criminal history points for a driving under the influence of alcohol or a controlled substance conviction in Lackawanna County on October 29, 2014 (the "DUI Conviction"). (PSR at 13, ¶ 44). Defendant Mercer alleges that the DUI Conviction "was invalid as it was a misdemeanor charge," and asks the court to "investigate this matter." (<u>Id.</u>)

Insofar as Defendant Mercer seeks to exclude the DUI Conviction from the PSR, or otherwise allege that Attorney Asbell was ineffective for failing to seek the same, his argument is unpersuasive. According to the Guidelines, two (2) criminal history points are assessed for "each prior sentence of imprisonment of at least sixty days . . ." U.S.S.G. § 4A1.1; <u>see also</u> U.S.S.G. § 4A1.2 cmt. n.5. (U.S. SENTENCING COMM'N 2012) ("Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted [in the criminal history computation], without regard to how the offense is classified."). Here, the DUI Conviction resulted in a sentence of three (3) to six (6) months of imprisonment. (PSR at 13, ¶ 44); <u>Commonwealth v. Mercer</u>, Docket No. CP-40-CR-0002384-2010 (Luzerne Cnty. Ct. Com. Pl.) (Attach. No. 3-4). Therefore, the DUI Conviction qualifies as a prior sentence of imprisonment of at least sixty (60) days under the Guidelines and properly carries two (2) criminal history points. <u>See</u> U.S.S.G. § 4A1.1(b); U.S.S.G. § 4A1.2(c)(1).

**Conclusion**

Based upon our reasoning above, Defendant Mercer's motion to vacate sentence under 28 U.S.C. § 2255 (Doc. 486) will be denied. Additionally, we will decline to issue a certificate of appealability. An appropriate order follows.

**BY THE COURT:**

Date: October 31, 2019
s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

# Attachment 1


 **Page: 1**

Indictment/Accusation Detail

```
CASE NUMBER     : 08002701                      DEFENDANT NO : 001
DEFENDANT NAME : MERCER            DESMOND    J
```

```
IND/ACC NO     : 09-02-00230-A   CHARG DOC: ACCUSATION        COUNT:   004
CHARGE COUNT   : 001    CRIME TYPE : INDICTABLE OFFENSE   DEGREE : 2
PRIMARY STATUTE: 2C:35-5B(2)        CDS - MANU/DIST/PWID  - HEROIN/COCAINE  - .5OZ
    AUX STATUTE:
DRUG TYPE      : HEROIN                         OFFENSE DATE : 00  00  0000
CDR NUMBER     : W  20080003901427        CDR ISS DATE: 00 00 0000
CDR REC DATE   : 00  00  0000    POLC CASE NO :          MUNIC DOC :

INTERFACE IND :
CHARGE COMMENTS:
CHG DISP IND   : Y       CHG DISP DATE: 04  17  2009

CHARGE ACTION  : DISMISSED
APPEALED IND   :                   RETRAXIT CODE:
CHANGE STATUTE :
CHG AUX STATUTE:
PROSECUTOR     : KNUTSEN            AMY        K    CHANGE DEGREE : 0
```

**Copyrighted © 2007 - New Jersey Judiciary**
BUILD 2019.0.0.00.01



Indictment/Accusation Detail

```
CASE NUMBER    : 08002701                        DEFENDANT NO : 001
DEFENDANT NAME : MERCER              DESMOND    J
```

```
IND/ACC NO     : 09-02-00230-A    CHARG DOC: ACCUSATION        COUNT:  004
CHARGE COUNT   : 002    CRIME TYPE : INDICTABLE OFFENSE    DEGREE : 3
PRIMARY STATUTE: 2C:35-10A(1)      POSS CDS/ANALOG - SCHD I II III IV
    AUX STATUTE:
DRUG TYPE      : HEROIN                      OFFENSE DATE : 00  00  0000
CDR NUMBER     : W  20080003901427      CDR ISS DATE: 00 00 0000
CDR REC DATE   : 00  00  0000    POLC CASE NO :          MUNIC DOC :

INTERFACE IND :
CHARGE COMMENTS:
CHG DISP IND   : Y         CHG DISP DATE: 02  18  2009

CHARGE ACTION  : GUILTY
APPEALED IND   :                    RETRAXIT CODE:
CHANGE STATUTE :
CHG AUX STATUTE:
PROSECUTOR     : KNUTSEN            AMY        K    CHANGE DEGREE :
```

**Copyrighted © 2007 - New Jersey Judiciary**
BUILD 2019.0.0.00.01



Indictment/Accusation Detail

```
CASE NUMBER    : 08002701                    DEFENDANT NO : 001
DEFENDANT NAME : MERCER           DESMOND    J

IND/ACC NO    : 09-02-00230-A   CHARG DOC: ACCUSATION        COUNT:  004
CHARGE COUNT  : 003   CRIME TYPE : INDICTABLE OFFENSE   DEGREE : 3
PRIMARY STATUTE: 2C:29-2A(3)      RESIST ARR/ELUD-USE/THREATEN  FORCE AGAINST L
    AUX STATUTE:
DRUG TYPE     :                               OFFENSE DATE : 00  00  0000
CDR NUMBER    : W 20080003901427      CDR ISS DATE: 00 00 0000
CDR REC DATE  : 00  00  0000   POLC CASE NO :           MUNIC DOC :

INTERFACE IND :
CHARGE COMMENTS:
CHG DISP IND  : Y          CHG DISP DATE: 02  18  2009


CHARGE ACTION  : GUILTY
APPEALED IND   :                        RETRAXIT CODE:
CHANGE STATUTE : 2C:29-2       RESIST ARR/ELUD-FLIGHT  PREVENTS ARREST
CHG AUX STATUTE:
PROSECUTOR     : KNUTSEN           AMY        K    CHANGE DEGREE : 4
```

Copyrighted © 2007 - New Jersey Judiciary

BUILD 2019.0.0.00.01




Indictment/Accusation Detail

```
CASE NUMBER    : 08002701                          DEFENDANT NO : 001
DEFENDANT NAME : MERCER              DESMOND    J
```

```
IND/ACC NO     : 09-02-00230-A   CHARG DOC: ACCUSATION        COUNT:   004
CHARGE COUNT   : 004     CRIME TYPE : INDICTABLE OFFENSE   DEGREE : 3
PRIMARY STATUTE: 2C:29-3B(1)        HINDERING-ONESELF-HIDE  EVID UNDERLY 2 DEG+ O
    AUX STATUTE:
DRUG TYPE      :                                 OFFENSE DATE : 00   00   0000
CDR NUMBER     : W 20080003901427       CDR ISS DATE: 00 00 0000
CDR REC DATE   : 00  00  0000   POLC CASE NO :           MUNIC DOC :

INTERFACE IND :
CHARGE COMMENTS:
CHG DISP IND   : Y        CHG DISP DATE: 04  17  2009

CHARGE ACTION  : DISMISSED
APPEALED IND   :                    RETRAXIT CODE:
CHANGE STATUTE :
CHG AUX STATUTE:
PROSECUTOR     : KNUTSEN             AMY        K    CHANGE DEGREE :
```

**Copyrighted © 2007 - New Jersey Judiciary**
BUILD 2019.0.0.00.01

Attachment 2



| Prior Fees | Additional Fees |
|---|---|

```
CASE NUMBER   : 08002701                          DEF SEQ NO: 001
DEFENDANT NAME: MERCER          DESMOND    J    SENTENCE SEQ NO: 001
```

```
CHARGING DOC  : ACCUSATION              CDR NO:              0000
CHARGE COUNT  : 002  STATUTE : 2C:35-10A(1)    IND/ACC NO : 09-02-00230-A
STATUTE       : POSS CDS/ANALOG - SCHD I II III IV
STATUTE DEG   : THIRD DEGREE          SENTENCE CONT : AGGREGATE SENTENCE
SENTENCE DISP : PART SUSPENDED     JAIL DAYS: 0150  INCAR LENGTH: 003Y00M000

PLACE SENTENCE: CARE COMMISS/CORR      GAP: 0000  PRIOR SVC: 0000 ROSADO: 000
PAROLE INELIG : 00Y00M000    PAROLE SUPERVISION: 00Y00M000    CSL/PSL  :
PROBATION TIME: 03Y00M    COMM SERV HR: 0000   LICENSE SUSP : 006

SENTENCE DATE : 04 17 2009
JUDGE         : DANGLER        JOHN    B   RO-1 :    RO-2 :
```

```
  -----------------------------FEES AND FINES-----------------------------
 SNSF  :    150.00   LETF :    30.00   VCCA :    100.00

 LAB   :     50.00   DESI :            DEDR :   1000.00   PROB :      2.00

       :                 :                 :                 :

       :                 :                 :                 :
```

**Copyrighted © 2007 - New Jersey Judiciary**
BUILD 2019.0.0.00.01


 **Page: 1**

| Prior Fees | Additional Fees |
|---|---|

```
CASE NUMBER   : 08002701                          DEF SEQ NO: 001
DEFENDANT NAME: MERCER         DESMOND    J    SENTENCE SEQ NO: 002
```

```
CHARGING DOC  : ACCUSATION            CDR NO:              0000
CHARGE COUNT  : 002  STATUTE : 2C:35-10A(1)  IND/ACC NO : 09-02-00230-A
STATUTE       : POSS CDS/ANALOG  - SCHD I II III IV
STATUTE DEG   : THIRD DEGREE         SENTENCE CONT : AGGREGATE SENTENCE
SENTENCE DISP : INCARCER GENERAL   JAIL DAYS: 0151  INCAR LENGTH: 003Y00M000

PLACE SENTENCE: CARE COMMISS/CORR    GAP: 0000  PRIOR SVC: 0000 ROSADO: 000
PAROLE INELIG : 00Y00M000   PAROLE SUPERVISION: 00Y00M000   CSL/PSL  :
PROBATION TIME: 00Y00M   COMM SERV HR: 0000   LICENSE SUSP : 006

SENTENCE DATE : 03 05 2010
JUDGE         : IRONSON          DAVID    H   RO-1 :    RO-2 :
```

```
-------------------------------FEES AND FINES-------------------------------
  SNSF :    150.00   LETF :   30.00   VCCA :    100.00

  LAB  :     50.00   DESI :           DEDR :   1000.00   PROB :      2.00

       :               :                :                :

       :               :                :                :
```

**Copyrighted © 2007 - New Jersey Judiciary**
BUILD 2019.0.0.00.01

# Attachment 3

# Magisterial District Judge 45-1-06

## DOCKET



# Criminal Docket

Commonwealth of Pennsylvania
v.
Desmond James Mercer

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Paul J. Ware | Issue Date: | 03/31/2014 |
| OTN/LOTN: | L 840525-0/L 840525-0 | File Date: | 03/31/2014 |
| Arresting Agency: | Scranton City Police Dept | Arrest Date: | |
| Complaint/Incident #: | 1403662 | Disposition: | Waived for Court |
| County: | Lackawanna | Disposition Date: | 06/26/2014 |
| Township: | Scranton City | Case Status: | Closed |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Closed | 06/27/2014 | Case Transferred to Court of Common Pleas |
| | 06/26/2014 | Completed |
| | 06/26/2014 | Case Balance Due |
| | 05/30/2014 | Awaiting Preliminary Hearing |
| | 03/31/2014 | Awaiting Preliminary Hearing |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Hearing | 05/01/2014 | 9:15 am | | Magisterial District Judge Paul J. Ware | Continued |
| Preliminary Arraignment | 05/30/2014 | 12:30 pm | | Magisterial District Judge Terrence V. Gallagher | Scheduled |
| Preliminary Hearing | 06/05/2014 | 9:15 am | | Magisterial District Judge Terrence V. Gallagher | Continued |
| Preliminary Hearing | 06/26/2014 | 10:30 am | | Magisterial District Judge Paul J. Ware | Scheduled |
| Formal Arraignment | 08/08/2014 | 9:00 am | | | Scheduled |

## CONFINEMENT

| Confinement Location | Confinement Type | Confinement Reason | Confinement Date | Confinement End Date |
|---|---|---|---|---|
| **Case Confinement** | | | | |
| Lackawanna County Prison | County Jail | Unable to Post Bail | 05/30/2014 | |

MDJS 1200        Printed: 10/28/2019  11:53 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## DOCKET

# Criminal Docket

Commonwealth of Pennsylvania
v.
Desmond James Mercer



## DEFENDANT INFORMATION

| Name: | Mercer, Desmond James | Sex: | Male |
|---|---|---|---|
| Date of Birth: | 10/26/1987 | Race: | Black |
| Address(es): | | | |

**Home**
Nanticoke, PA 18634

| | |
|---|---|
| Advised of His Right to Apply for Assignment of Counsel? | No |
| Public Defender Requested by the Defendant? | No |
| Application Provided for Appointment of Public Defender? | No |
| Has the Defendant Been Fingerprinted? | Yes |

## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Megivern, John T. |
| Defendant | Mercer, Desmond James |

## BAIL

**Bail Set:**                                 **Nebbia Status: None**

| Bail Action Type | Bail Action Date | Bail Type | Percentage | Amount |
|---|---|---|---|---|
| Set | 05/30/2014 | Monetary | | $10,000.00 |

## CHARGES

| # | Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|---|
| 1 | 75 § 3802 §§ D3* | | DUI: Controlled Substance - Combination Alcohol/Drugs - 1st Offense | 02/01/2014 | Waived for Court |
| 2 | 75 § 3802 §§ C* | | DUI: Highest Rte of Alc (BAC .16+) 1st Off | 02/01/2014 | Waived for Court |
| 3 | 35 § 780-113 §§ A31 | | Poss Of Marijuana | 02/01/2014 | Waived for Court |
| 4 | 35 § 780-113 §§ A32 | | Use/Poss Of Drug Paraph | 02/01/2014 | Waived for Court |
| 5 | 75 § 3802 §§ A1* | | DUI: Gen Imp/Inc of Driving Safely - 1st Off | 02/01/2014 | Waived for Court |
| 6 | 75 § 3736 §§ A | | Reckless Driving | 02/01/2014 | Waived for Court |
| 7 | 75 § 1543 §§ A | | Driv While Oper Priv Susp Or Revoked | 02/01/2014 | Waived for Court |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 45-1-06

## DOCKET



Commonwealth of Pennsylvania
v.
Desmond James Mercer

## DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|---|---|---|
| Waived for Court | 06/26/2014 | Yes |

| Offense Seq./Description | Offense Disposition |
|---|---|
| 1 DUI: Controlled Substance - Combination Alcohol/Drugs - 1st Offense | Waived for Court |
| 2 DUI: Highest Rte of Alc (BAC .16+) 1st Off | Waived for Court |
| 3 Poss Of Marijuana | Waived for Court |
| 4 Use/Poss Of Drug Paraph | Waived for Court |
| 5 DUI: Gen Imp/Inc of Driving Safely - 1st Off | Waived for Court |
| 6 Reckless Driving | Waived for Court |
| 7 Driv While Oper Priv Susp Or Revoked | Waived for Court |

## ATTORNEY INFORMATION

**Public Defender**

**Name:** Curt Michael Parkins, Esq.

**Representing:** Mercer, Desmond James

**Counsel Status:** Active

**Supreme Court No.:** 310571

**Phone No.:** 570-344-2355

**Address:**  205 - 207 N.Washington Ave.
Suite C
Scranton, PA 18503

**Assistant District Attorney**

**Name:** Brian J. Gallagher, Esq.

**Representing:** Commonwealth of Pennsylvania

**Counsel Status:** Active

**Supreme Court No.:** 311833

**Phone No.:** 570-963-6716

**Address:**  Lackawanna Cnty D.A. Office
415 Spruce Street
Scranton, PA 18503

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 06/26/2014 | Waived for Court | Magisterial District Judge Theodore J. Giglio | Desmond James Mercer, Defendant |
| 06/26/2014 | Waiver of Preliminary Hearing | Curt Michael Parkins, Esq. | Desmond James Mercer, Defendant |
| 05/30/2014 | Commitment Printed - Unable to Post Bail | Magisterial District Court 45-1-06 | Desmond James Mercer, Defendant |
| 04/15/2014 | Certified Summons Undeliverable | Magisterial District Court 45-1-06 | Desmond James Mercer, Defendant |
| 04/02/2014 | Summons Issued | Magisterial District Court 45-1-06 | Desmond James Mercer, Defendant |
| 04/02/2014 | Certified Summons Issued | Magisterial District Court 45-1-06 | Desmond James Mercer, Defendant |
| 03/31/2014 | Criminal Complaint Filed | Magisterial District Court 45-1-06 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act  (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 45-1-06



Commonwealth of Pennsylvania
v.
Desmond James Mercer

## CASE FINANCIAL INFORMATION

Case Balance: $0.00          Next Payment Amt:
Last Payment Amt:            Next Payment Due Date:

|  | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|---|---|---|---|---|---|
| Miscellaneous Issuances | $17.00 | ($17.00) | $0.00 | $0.00 | $0.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act  (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Attachment 4

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



**Docket Number: CP-35-CR-0001326-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

Page 1 of 9

## CASE INFORMATION

Judge Assigned:                           Date Filed: 06/27/2014       Initiation Date: 03/31/2014

OTN: L 840525-0       LOTN:              Originating Docket No: MJ-45106-CR-0000169-2014

Initial Issuing Authority: Paul J. Ware              Final Issuing Authority: Paul J. Ware

Arresting Agency: Scranton City Police Dept       Arresting Officer: Megivern, John T.

Complaint/Incident #: 1403662

Case Local Number Type(s)                  Case Local Number(s)

## STATUS INFORMATION

Case Status:     Closed

| Status Date | Processing Status | Complaint Date: | 03/31/2014 |
|---|---|---|---|
| 10/29/2014 | Sentenced/Penalty Imposed | | |
| 10/14/2014 | Awaiting PSI | | |
| 10/14/2014 | Awaiting Sentencing | | |
| 08/08/2014 | Awaiting Sentencing | | |
| 07/31/2014 | Awaiting Formal Arraignment | | |
| 07/08/2014 | Awaiting Pre-Trial Conference | | |
| 07/07/2014 | Awaiting Trial Scheduling | | |
| 06/27/2014 | Awaiting Filing of Information | | |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Arraignment | 08/08/2014 | 9:00 am | | | Scheduled |
| Sentencing | 10/29/2014 | 1:30 pm | | Judge Vito P. Geroulo | Scheduled |
| Fines and Cost Contempts | 03/18/2016 | 12:30 pm | | | Scheduled |

## DEFENDANT INFORMATION

Date Of Birth:       10/26/1987       City/State/Zip: Nanticoke, PA  18634

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Mercer, Desmond James |

## BAIL INFORMATION

**Mercer, Desmond James**                                             **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | | |
|---|---|---|---|---|---|---|
| | | | | | Bail Posting Status | Posting Date |
| Set | 05/30/2014 | Monetary | | $10,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|

CPCMS 9082

Printed: 10/28/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



Commonwealth of Pennsylvania

v.

Desmond James Mercer

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 1 | 1 | M | 75 § 3802 §§ D3* | DUI: Controlled Substance - Combination Alcohol/Drugs - 1st Offense | 02/01/2014 | L 840525-0 |
| 2 | 2 | M | 75 § 3802 §§ C* | DUI: Highest Rte of Alc (BAC .16+) 1st Off | 02/01/2014 | L 840525-0 |
| 3 | 3 | M | 35 § 780-113 §§ A31 | Poss Of Marijuana | 02/01/2014 | L 840525-0 |
| 4 | 4 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 02/01/2014 | L 840525-0 |
| 5 | 5 | M | 75 § 3802 §§ A1* | DUI: Gen Imp/Inc of Driving Safely - 1st Off | 02/01/2014 | L 840525-0 |
| 6 | 6 | S | 75 § 3736 §§ A | Reckless Driving | 02/01/2014 | L 840525-0 |
| 7 | 7 | S | 75 § 1543 §§ A | Driv While Oper Priv Susp Or Revoked | 02/01/2014 | L 840525-0 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|------------|------------------|-------------------|--|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

**Waived for Court (Lower Court)**          Defendant Was Present

| Lower Court Disposition | 06/26/2014 | Not Final | |
|-------------------------|------------|-----------|--|
| 1 / DUI: Controlled Substance - Combination Alcohol/Drugs - 1st Offense | Waived for Court (Lower Court) | M | 75 § 3802 §§ D3* |
| 2 / DUI: Highest Rte of Alc (BAC .16+) 1st Off | Waived for Court (Lower Court) | M | 75 § 3802 §§ C* |
| 3 / Poss Of Marijuana | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A31 |
| 4 / Use/Poss Of Drug Paraph | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A32 |
| 5 / DUI: Gen Imp/Inc of Driving Safely - 1st Off | Waived for Court (Lower Court) | M | 75 § 3802 §§ A1* |
| 6 / Reckless Driving | Waived for Court (Lower Court) | S | 75 § 3736 §§ A |
| 7 / Driv While Oper Priv Susp Or Revoked | Waived for Court (Lower Court) | S | 75 § 1543 §§ A |

**Guilty Plea**          Defendant Was Present

| Pre-Trial Conference | 08/08/2014 | Final Disposition | |
|----------------------|------------|-------------------|--|
| 1 / DUI: Controlled Substance - Combination Alcohol/Drugs - 1st Offense | Nolle Prossed | M | 75 § 3802 §§ D3* |
| Geroulo, Vito P. | 10/29/2014 | | |
| 2 / DUI: Highest Rte of Alc (BAC .16+) 1st Off | Guilty Plea | M | 75 § 3802 §§ C* |
| Geroulo, Vito P. | 10/29/2014 | | |
| Confinement | Min of 3.00 Months<br>Max of 6.00 Months<br>Other | | |
| ahsp, 12m lic susp no da/ or llp | | | |
| 3 / Poss Of Marijuana | Nolle Prossed | M | 35 § 780-113 §§ A31 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Docket Number: CP-35-CR-0001326-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| Geroulo, Vito P. | 10/29/2014 | | |
| 4 / Use/Poss Of Drug Paraph | Nolle Prossed | M | 35 § 780-113 §§ A32 |
| Geroulo, Vito P. | 10/29/2014 | | |
| 5 / DUI: Gen Imp/Inc of Driving Safely - 1st Off | Nolle Prossed | M | 75 § 3802 §§ A1* |
| Geroulo, Vito P. | 10/29/2014 | | |
| 6 / Reckless Driving | Nolle Prossed | S | 75 § 3736 §§ A |
| Geroulo, Vito P. | 10/29/2014 | | |
| 7 / Driv While Oper Priv Susp Or Revoked | Nolle Prossed | S | 75 § 1543 §§ A |
| Geroulo, Vito P. | 10/29/2014 | | |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| **Name:** Lackawanna County District Attorney's Office | **Name:** Curt Michael Parkins * |
| Prosecutor | Public Defender |
| **Supreme Court No:** | **Supreme Court No:** 310571 |
| **Phone Number(s):** | **Rep. Status:** Lower Court |
| 570-963-6717 (Phone) | **Phone Number(s):** |
| **Address:** | 570-344-2355 (Phone) |
| Lackawanna County Courthouse | **Address:** |
| 200 North Washington Avenue | 205207 N Washington Ave Ste C |
| Scranton, PA 18503 | Scranton, PA 18503 |
| | Representing: Mercer, Desmond James |
| | *Entry of Appearance Not Filed* |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 05/30/2014 | | Gallagher, Terrence V. |
| Bail Set - Mercer, Desmond James | | | |
| 1 | 06/27/2014 | | Court of Common Pleas - Lackawanna County |
| Original Papers Received from Lower Court | | | |
| 2 | 06/27/2014 | | Parkins, Curt Michael |
| Request for Bill of Particulars | | | |

CPCMS 9082

Printed: 10/28/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## DOCKET



**Docket Number: CP-35-CR-0001326-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 06/27/2014 | | Parkins, Curt Michael |
| Request for Pre-Trial Discovery and Inspection | | | |
| 1 | 07/07/2014 | | Commonwealth of Pennsylvania |
| Pre-Trial Conference Notice | | | |
| 1 | 07/08/2014 | | Court of Common Pleas - Lackawanna County |
| Waiver of Arraignmernt Filed | | | |
| 1 | 07/31/2014 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 08/08/2014 | | Geroulo, Vito P. |
| Pre-Trial Conference Held | | | |
| 2 | 08/08/2014 | | Geroulo, Vito P. |
| Guilty Plea | | | |
| 3 | 08/08/2014 | | Rinaldi, Mary F. |
| DL-21 to be Prepared | | | |
| 4 | 08/08/2014 | | Rinaldi, Mary F. |
| DL-21D to be Prepared | | | |
| 1 | 08/26/2014 | | Geroulo, Vito P. |
| Order Revoking Bail | | | |
| 2 | 08/26/2014 | | Pizzo, Andrew |
| Petition for Release of Surety | | | |
| 1 | 08/27/2014 | | Commonwealth of Pennsylvania |
| Petition for Writ of Habeas Corpus AD Prosequendum | | | |
| 2 | 08/27/2014 | | Barrasse, Michael J. |
| Writ of Habeas Corpus AD Prosequendum | | | |
| 1 | 09/24/2014 | | Geroulo, Vito P. |
| Order Granting Petition for Release of Surety (Andrew Pizzo Bail Bonds) | | | |

Printed: 10/28/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



**Docket Number: CP-35-CR-0001326-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 10/17/2014 | | Commonwealth of Pennsylvania |
| Petition for Writ of Habeas Corpus AD Prosequendum | | | |
| 2 | 10/17/2014 | | Geroulo, Vito P. |
| Writ of Habeas Corpus AD Prosequendum | | | |
| 1 | 10/29/2014 | | Geroulo, Vito P. |
| Order - Sentence/Penalty Imposed | | | |
| 2 | 10/29/2014 | | Geroulo, Vito P. |
| Defendant's Rights at Sentencing | | | |
| 1 | 10/30/2014 | | Parkins, Curt Michael |
| Motion for Reconsideration of Sentence | | | |
| 2 | 10/30/2014 | | Geroulo, Vito P. |
| Order Denying Motion for Reconsideration of Sentence | | | |
| 1 | 10/31/2014 | | Court of Common Pleas - Lackawanna County |
| Penalty Assessed | | | |
| 2 | 10/31/2014 | | Rinaldi, Mary F. |
| Court Commitment State or County Correctional Institution | | | |
| 3 | 10/31/2014 | | Rinaldi, Mary F. |
| Entry of Civil Judgment | | | |
| 4 | 10/31/2014 | | Rinaldi, Mary F. |
| DL-21D was prepared | | | |
| 5 | 10/31/2014 | | Rinaldi, Mary F. |
| DL-21 was prepared | | | |
| 1 | 11/03/2014 | | Unknown Filer |
| DL-21D Sent to PennDOT | | | |
| 2 | 11/03/2014 | | Unknown Filer |
| DL-21 Sent to PennDOT | | | |

CPCMS 9082

Printed: 10/28/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 11/03/2014 | | Commonwealth of Pennsylvania |
| Commonwealth's Answer to Defendant's Petition for Reconsideration of Sentence | | | |
| 4 | 11/03/2014 | | Lackawanna County Probation Department |
| Guideline Sentence Form | | | |
| 5 | 11/03/2014 | | Court of Common Pleas - Lackawanna County |
| Payment Plan Introduction Letter | | | |
| 1 | 06/16/2015 | | Court of Common Pleas - Lackawanna County |
| Delinquency Notice Filed - 80 Days Overdue | | | |
| 1 | 07/30/2015 | | Court of Common Pleas - Lackawanna County |
| Delinquency Notice Filed - 124 Days Overdue | | | |
| 1 | 08/26/2015 | | Court of Common Pleas - Lackawanna County |
| Delinquency Notice Filed - 151 Days Overdue | | | |
| 1 | 10/14/2015 | | Geroulo, Vito P. |
| PROBATION Terminated | | | |
| 2 | 10/14/2015 | | Court of Common Pleas - Lackawanna County |
| Delinquency Notice Filed - 200 Days Overdue | | | |
| 1 | 11/30/2015 | | Court of Common Pleas - Lackawanna County |
| Delinquency Notice Filed - 247 Days Overdue | | | |
| 2 | 12/15/2015 | | Court of Common Pleas - Lackawanna County |
| Delinquency Notice Filed - 262 Days Overdue | | | |
| 1 | 03/15/2016 | | Geroulo, Vito P. |
| Detainer fines and costs - $2680.00 | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



**Docket Number: CP-35-CR-0001326-2014**
## CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

Page 7 of 9

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|

## PAYMENT PLAN SUMMARY

| Payment Plan No | Payment Plan Freq. | Next Due Date | Active | Overdue Amt |
|---|---|---|---|---|
| Responsible Participant | | | Suspended | Next Due Amt |
| 35-2014-P000002490 | Monthly | 03/28/2015 | Yes | $2,680.00 |
| Mercer, Desmond James | | | No | $100.00 |

| | Payment Plan History: | Receipt Date | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY



**Docket Number: CP-35-CR-0001326-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Desmond James Mercer

## CASE FINANCIAL INFORMATION

| Last Payment Date: | | | Total of Last Payment: | | |
|---|---|---|---|---|---|
| **Mercer, Desmond James**<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
| **Costs/Fees** | | | | | |
| Miscellaneous Issuances | $17.00 | $0.00 | $0.00 | $0.00 | $17.00 |
| ATJ | $3.00 | $0.00 | $0.00 | $0.00 | $3.00 |
| Automation Fee (Lackawanna) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Booking Center Fee (Lackawanna) | $300.00 | $0.00 | $0.00 | $0.00 | $300.00 |
| CJES | $2.25 | $0.00 | $0.00 | $0.00 | $2.25 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $10.05 | $0.00 | $0.00 | $0.00 | $10.05 |
| Costs of Prosecution - CJEA | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| County Court Cost (Act 204 of 1976) | $32.70 | $0.00 | $0.00 | $0.00 | $32.70 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| Emergency Medical Services (Act 45 of 1985) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| JCPS | $10.25 | $0.00 | $0.00 | $0.00 | $10.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| PA Transportation Trust Surcharge | $75.00 | $0.00 | $0.00 | $0.00 | $75.00 |
| State Court Costs (Act 204 of 1976) | $11.75 | $0.00 | $0.00 | $0.00 | $11.75 |
| Substance Abuse Education (Act 198 of 2002) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Substance Abuse Education (Act 198 of 2002) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Clinical Lab (Lackawanna) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| County Costs (Lackawanna) | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 |
| Plea F/M (Lackawanna) | $120.00 | $0.00 | $0.00 | $0.00 | $120.00 |
| OSP (Lackawanna/State) (Act 35 of 1991) | $97.50 | $0.00 | $0.00 | $0.00 | $97.50 |
| OSP (Lackawanna/State) (Act 35 of 1991) | $97.50 | $0.00 | $0.00 | $0.00 | $97.50 |
| DA's DUI Center (Lackawanna) | $225.00 | $0.00 | $0.00 | $0.00 | $225.00 |
| Adult Probation Drug Test Fund (Lackawanna) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Admin Fee (Lackawanna) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Costs/Fees Totals: | $1,680.00 | $0.00 | $0.00 | $0.00 | $1,680.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Desmond James Mercer

## CASE FINANCIAL INFORMATION

| **Mercer, Desmond James** | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| Defendant | | | | | |
| | | | | | |
| **Fines** | | | | | |
| Title 75, DUI (Motor License Fund) | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| Title 75, DUI (Motor License Fund) | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| | | | | | |
| Fines Totals: | $1,000.00 | $0.00 | $0.00 | $0.00 | $1,000.00 |
| | | | | | |
| Grand Totals: | $2,680.00 | $0.00 | $0.00 | $0.00 | $2,680.00 |

** - Indicates assessment is subrogated

Printed: 10/28/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.